# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | HON. DENNIS M. CAVANAUGH |
| v. | : | CRIMINAL NO. 07-560 (DMC) |
| ALAA EL SAADAWI | : | <u>CONSENT ORDER FOR CONTINUANCE</u> |

This matter having come before the Court on the joint application of Christopher J. Christie, United States Attorney for the District of New Jersey (by Andrew D. Kogan, Assistant U.S. Attorney, appearing) and Alaa El Saadawi (Joel Cohen, Esq., appearing), for an order designating this to be a complex case pursuant to Title 18, United States Code, Section 3161(h)(8)(A), (h)(8)(B)(ii), and (h)(8)(B)(iv); the defendant, through defense counsel, having requested and consented to the entry of this Order, and a status conference having been held on July 2, 2008; and the defendant being aware that absent such an Order he would have a right to be tried within 70 days of their his appearance before a Judicial Officer in this District in connection with this matter or the filing of the Superseding Indictment, whichever date last occurred, pursuant to Title 18, United States Code, Section 3161(c)(1); and the charges being the result of a lengthy investigation and the defendant needing additional time to review discovery, which includes, among other tings, numerous telephone conversations that were provided to defendant in a former trial, and to investigate the charges and file motions in this case; and the parties having concurred in the assertion that this matter is complex as defined in the Speedy Trial Act of 1974; and the Court having found that an Order granting a continuance of the proceedings in the above-captioned matter should be entered, and for good and sufficient cause shown,

IT IS THE FINDING OF THIS COURT that this action should be continued for the following reasons:

1. This case involves allegation of immigration fraud based upon two alleged false statements and additional actions by the defendant. The charges are more fully laid out in an Indictment, Criminal No. 07-560.

2. The Indictment is the result of a long term investigation by law enforcement officers with the Federal Bureau of Investigation and Immigration and Customs Enforcement.

3. The investigation of the case included, among other things, numerous consensual recordings which were provided to defendant in a prior prosecution.

4. Discovery in this matter in voluminous, including numerous conversations that must be translated.

5. The parties anticipate that motion practice in this matter may be complex and lengthy.

6. In light of the serious allegations, the defendant will require additional time to review discovery, to investigate the charges, and to develop possible defenses to the charges. It is further anticipated that once counsel has had an opportunity to review the evidence, defendant may file pre-trial motions.

7. Based upon representations made by defense counsel, include voluminous discovery that must be translated and transcribed, it is unreasonable to expect defense counsel to be able to adequately prepare for pretrial proceedings and the trial itself prior to the within schedule.

8.     In light of these findings, and given the nature of the prosecution, and its complexity, it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established under the Speedy Trial Act.

9.     The Court finds that the defendant has entered a knowing, voluntary, and intelligent waiver of his rights under the Speedy Trial Act of 1974.

10.    The grant of a continuance will enable counsel for the defendant to review adequately the discovery, prepare motions, and proceed with trial.

11.    Pursuant to Title 18, United States Code, Section 3161(h)(8), the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial.

WHEREFORE, it is on this __16__ day of July, 2008,

ORDERED that this matter is hereby designated to remain to be a complex case pursuant to Title 18, United States Code, Section 3161(h)(8)(A), (h)(8)(B)(ii) and (h)(8)(B)(iv); and it is further

ORDERED that trial in this matter shall commence on March 23, 2009 at 9:30 a.m.; and it is further

ORDERED that the period between the date of this Order and March 23, 2009, shall be excluded in computing time under the Speedy Trial Act of 1974 pursuant to the provisions of Title 18, United States Code, Section 3161(h)(8)(A); and it is further

ORDERED that defendants' motions, if any, shall be due on or before September 26, 2008, opposition shall be filed by on or before December 19, 2008, any reply shall be filed on or before January 20, 2009, the motions shall be returnable on __FEB. 23, 2009__ 9:30 A.M.; and it is further

ORDERED that all other provisions of the Court's Order for Discovery and Inspection not superseded by this Order shall remain in full force and effect.

HON. DENNIS M. CAVANAUGH<br>
United States District Judge