# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | HON. DENNIS M. CAVANAUGH |
| v. | : | CRIMINAL NO. 07-560 (DMC) |
| ALAA EL SAADAWI | : | <u>CONSENT ORDER FOR CONTINUANCE</u> |

This matter having come before the Court on the joint application of defendant Alaa El Saadawi (Joel Cohen, Esq., appearing), and Paul Fishman, United States Attorney for the District of New Jersey (by Andrew D. Kogan, Assistant U.S. Attorney, appearing), for an order: (1) designating that this case remains a complex case pursuant to Title 18, United States Code, Section 3161(h)(7)(A), (h)(7)(B)(ii), and (h)(7)(B)(iv); (2) allowing the parties additional time to address the complex issues in this matter; (3) allowing the defendant additional time to prepare motions and to prepare for trial; and (4) setting a new trial date in this matter; and the defendant, through defense counsel, having requested and consented to the entry of this Order; and the defendant, through defense counsel, having stated that due to the immense amount of discovery in the case and the complex nature of the case the additional time is needed to review discovery, file a reply brief, and to prepare for trial; and the defendant, through defense counsel, having stated that without the adjournments he will not be able to properly proceed to trial; and the defendant being aware that absent such an Order he would have a right to be tried within 70 days of their his appearance before a Judicial Officer in this District in connection with this matter or the filing of the Superseding Indictment, whichever date last occurred, pursuant to Title 18, United States Code, Section 3161(c)(1); and the parties having concurred in the assertion that this matter is complex as defined in the Speedy Trial Act of 1974; and the United States stating it

is ready to proceed to trial on the current schedule but leaving the matter to the Court's discretion; and the Court having found that an Order granting a continuance of the proceedings in the above-captioned matter should be entered; and for good and sufficient cause shown,

IT IS THE FINDING OF THIS COURT that this action should be continued for the following reasons:

1. This case involves allegation of immigration fraud based upon two alleged false statements and additional actions by the defendant. The charges are more fully laid out in an Indictment, Criminal No. 07-560.

2. The Indictment is the result of a long term investigation by law enforcement officers with the Federal Bureau of Investigation and Immigration and Customs Enforcement.

3. The investigation of the case included, among other things, numerous recordings..

4. Discovery in this matter in voluminous, including numerous conversations that must be translated. Defense counsel has proffered that he needs the additional time to review all of the conversations in this matter.

5. The motion practice in this matter is complex and lengthy. Defense counsel has stated that he will want additional time to file a reply brief concerning his motion papers and an opposition brief to the motion papers of the United States.

6. In light of the serious allegations, the defendant will require additional time to to investigate the charges and to develop possible defenses to the charges.

7.      Based upon representations made by defense counsel, include voluminous discovery that must be translated and transcribed, it is unreasonable to expect defense counsel to be able to adequately prepare for the trial, including fully briefing all motions, prior to the within schedule.

8.      In light of these findings, and given the nature of the prosecution, and its complexity, it is unreasonable to expect adequate preparation for the trial within the time limits established under the Speedy Trial Act.

9.      The Court finds that the defendant has entered a knowing, voluntary, and intelligent waiver of his rights under the Speedy Trial Act of 1974.

10.     Pursuant to Title 18, United States Code, Section 3161(h)(8), the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial.

WHEREFORE, it is on this 9 day of March, 2010,

ORDERED that this matter is hereby designated to remain to be a complex case pursuant to Title 18, United States Code, Section 3161(h)(7)(A), (h)(7)(B)(ii) and (h)(7)(B)(iv); and it is further

ORDERED that trial in this matter shall commence on September 14, 2010 at 9:30 a.m.; and it is further

ORDERED that the period between the date of this Order and September 14, 2010, shall be excluded in computing time under the Speedy Trial Act of 1974 pursuant to the provisions of Title 18, United States Code, Section 3161(h)(8)(A); and it is further

ORDERED that defendant's reply brief shall be filed by March 26, 2010. The Court shall thereafter set a return date for the motions.

ORDERED that all other provisions of the Court's Order for Discovery and Inspection not superseded by this Order shall remain in full force and effect.

HON. DENNIS M. CAVANAUGH
United States District Judge